## Union Savings Bank *versus* Fife.

1. A case stated, being a substitute for and in the nature of a special verdict, must present facts, and not the evidence.

2. At the close of the evidence, on the trial of a cause, the counsel for plaintiffs and defendants filed an agreement, in writing, "that the evidence, oral and record, and the entire records, shall be treated as a case stated, and judgment to be entered thereon by the court, according to its views of the law and facts, each party reserving the right to sue out a writ of error." The court thereupon withdrew a juror, and afterwards entered "judgment on the case stated" for the plaintiff: *Held*, that the agreement was bad, as a case stated; and, further, that it could not be sustained as a submission of the case to the court under the Act of April 22d 1874, the provisions of said Act not having been complied with.

3. Where a special verdict or case stated in the nature thereof is defective, in failing to find the facts, a venire facias de novo will be awarded.

October 23d 1883.     Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and GREEN, JJ. STERRETT, J., absent.

ERROR to the Court of Common Pleas No. 1, of *Allegheny county :* Of October Term 1882, No. 116.

Debt, by R. H. Fife, sheriff of Allegheny county, for use, &c. against the Union Savings and Deposit Bank and the South Side Savings and Deposit Bank.

The facts, as set forth in the affidavits of claim and defence filed, and appearing from the testimony on the trial, before STOWE, P. J., were intricate, and being immaterial to the decision of this court, need not be reported. At the conclusion of the evidence a juror was withdrawn, and the agreement for a case stated, set forth below, in the opinion of this court, was filed. The court below subsequently entered "judgment on the foregoing case stated in favor of plaintiff and against defendants, for $42,853.25, with interest from March 11th 1876, and costs."

The defendants took this writ of error, assigning for error the above judgment for plaintiff, and that "the court erred in not entering judgment in favor of defendants."

*Dalzell* (with him *Hampton, Geo. N. Monro, Duff & Alcorn, and John S. Ferguson*), for the plaintiffs in error.

*J. M. Stoner* (with him *Sutton & Plumer*), for the defendant in error.

Chief Justice SHARSWOOD delivered the opinion of the court, November 20th 1882.

After the evidence in this case had been concluded on the

[Bryan's Appeal.]

trial before a jury in the court below, the following agreement was entered into between the counsel for the plaintiff and defendants : " It is agreed by counsel for plaintiff and defendants in open court, that the evidence, oral and record, and the entire record shall be treated as a case stated, and judgment be entered thereon by the court according to its view of the law and facts ; each party reserving the right to sue out a writ of error." Upon this the court subsequently entered judgment on the case stated in favor of the plaintiff.

A case stated is a substitute for and in the nature of a special verdict, and is subject to the same rules. It must find facts and not the evidence. If the finding in this respect be defective a venire facias de novo will be awarded : Kinsley v. Coyle, 8 P. F. Smith 461. It cannot be pretended that this well settled rule is at all affected by the Act of April 22d 1874, Pamph. L. 109, passed in pursuance of art. V. § 27 of the Constitution. Both the Constitution and the Act require that the agreement shall be in writing and filed ; and the Act directs that the court shall find the facts separately and distinctly, with answers to any points submitted, and the conclusions of law, which shall also be filed.

Judgment reversed and venire facias de novo awarded.