## Lloyd et al., Appellants, *v.* Fendick.

*Practice, C. P.—Case stated—Omission of material fact—Marketable title.*

1. A case stated must disclose facts necessary to an intelligent judgment; whatever is not distinctly and expressly agreed upon therein will be taken not to exist; and it is error to base a judgment on facts not set forth in the case stated.

2. Where in an action for the purchase price of real estate a case stated provides that "if the court be of the opinion that the plaintiffs have a good and marketable title to the land, then judgment for plaintiffs, if not, then for defendant," judgment must be given for the defendant where it appears by the will under which plaintiffs claim that a one-fourth interest in the property passed to a brother of the plaintiffs, and there is nothing in the case stated to account for this share and no averment that plaintiffs have title to it.

Argued Feb. 22, 1911. Appeal, No. 26, Jan. T., 1911, by plaintiffs, from judgment of C. P. Lackawanna Co., Nov. T., 1910, No. 484, for defendant on case stated in suit of Mary A. Lloyd and Samuel J. Lloyd v. Jacob Fendick. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Case stated in assumpsit for purchase price of real property. Before NEWCOMB, J.

The opinion of the Supreme Court states the case.

*Error assigned* was in entering judgment for defendant.

*A. A. Vosburg, J. J. Owens* and *Russell Dimmick,* for appellants.—If the case stated was so defective that the

court could not pass upon the question submitted for decision, the case stated should have been set aside: Rush Township v. Schuylkill County, 100 Pa. 356; Whitesides v. Russell, 8 W. & S. 44; Kinsley v. Coyle, 58 Pa. 461; Union Savings Bank v. Fife, 101 Pa. 388; Morgan v. Mercer County, 8 Pa. Superior Ct. 96; Com. v. Howard, 149 Pa. 302.

*James J. O'Malley* and *M. J. Martin*, for appellee.— The facts in the case stated are to be taken as conclusive: Phila. & Reading R. R. Co. v. Waterman, 54 Pa. 337; Chester v. Traction Co., 4 Pa. Superior Ct. 575.

OPINION BY MR. JUSTICE MESTREZAT, April 10, 1911:

This was an action of assumpsit to recover the purchase money due on articles of agreement by which the plaintiffs sold to the defendant certain real estate in the borough of Olyphant, Lackawanna county. The facts were submitted in a case stated for the decision of the court, and judgment was entered for the defendant. This motion of the court is the only error assigned.

By a writing dated June 13, 1910, treated as an article of agreement by the parties, the plaintiffs acknowledged the receipt of $500 as a first payment on the purchase price of the property which was to be $19,000. The balance of the purchase money was to be paid in thirty days, and the terms of payment were to be mutually agreed upon. In the agreement it was provided as follows: "A clear deed and title to be given for the purchase price of $19,000."

By the case stated it appears that the plaintiffs claim through the will of their mother, Barbara Lloyd, who died seized in fee, survived by her husband and four children, and through the will of their father. She devised one-fourth of the property in fee to each of the plaintiffs and one-fourth to her son, John D. Lloyd, and the remaining one-fourth to her son, Thomas T., and her adopted son, William, in such shares as John Lloyd, her husband, should

direct.  The husband was given a life estate in the property.  He devised "all his real estate" in equal shares to his three children, Thomas, and the two plaintiffs, Samuel, and Mary Ann, and bequeathed $5.00 to William Lloyd. Thomas Lloyd devised his interest in the property to his sister, Mary Ann Lloyd.  The case stated provides that "if the court be of the opinion that the said plaintiffs have a good and marketable title to the land, then judgment be entered for the plaintiffs for the sum of $19,000, with interest from November 4, 1910; if not, then judgment be entered for the defendant."

It will be observed that it does not appear by the case stated that the plaintiffs have title to John D. Lloyd's one-fourth of the premises.  As said by the learned court in its opinion: "There is nothing to account for that (John D. Lloyd's share) since it went to him under his mother's will on the death of his father.  To all intents and purposes that is still outstanding, and consequently the plaintiffs stand seized of only three-fourths undivided in the premises."  For this reason the court entered judgment for the defendant.

The learned counsel for the plaintiffs contend that the only question submitted to the court for decision was whether the power of appointment conferred by Barbara Lloyd on her husband had been legally exercised, thereby placing in the plaintiffs the title of Thomas T., and William Lloyd.  It is claimed by the plaintiffs that the defendant refused to accept their deed and pay the purchase money for the reason that he questioned the title of Mary A. Lloyd under her father's will, and it is argued that if the case stated was so defective that the court could not pass upon the construction of the wills of Barbara and John Lloyd judgment should not have been entered for the defendant but the case stated should have been set aside or quashed.  But this contention cannot be sustained.  The court could only enter such judgment as was warranted by the facts set forth in the case stated.  Such facts as are not stated therein are presumed not to exist.  The

court deals with only such facts as appear to be distinctly and expressly agreed upon by the case stated. The right of the plaintiffs to recover the purchase money for the property sold depended upon whether they could convey a fee simple title to the property sold by the agreement. In order, therefore, to enable them to recover it was necessary that the facts should appear by the case stated that they owned the premises in fee simple. It is said by counsel in their printed brief that the plaintiffs owned John D. Lloyd's one-fourth interest in the premises, but that "neither counsel in framing the case stated thought it essential to embody this fact therein." This was clearly a misapprehension of what a case stated should contain, and what we have time and again held it must contain, that is, that it must disclose facts necessary to an intelligent judgment, that whatever is not distinctly and expressly agreed upon therein will be taken not to exist, and that it is error to base a judgment on facts not set forth in the case stated. This is so well settled in this jurisdiction that it is unnecessary to cite authorities to support it. It is clear, therefore, that the omission to state the fact, if it be a fact, that the plaintiffs own John D. Lloyd's one-fourth interest in the premises was necessarily fatal to their right to recover, and that it would have been clear error for the learned court below to have entered judgment for the plaintiffs on the case stated. It is not contended that the plaintiffs intended to or did sell an undivided three-fourths of the premises. On the contrary, the agreement shows that the fee simple title was to pass and "the full purchase price for said property was to be $19,000" for which "a clear deed and title was to be given." The condition upon which judgment was to be entered, it will be observed, was that "the court should be of the opinion that the said plaintiffs have a good and marketable title to the lands," and hence it would have been error for the court to have entered judgment in favor of the plaintiffs for the purchase money. The question of the proper exercise of the power of appointment conferred on

John Lloyd by the will of his wife, Barbara Lloyd, became immaterial as the plaintiffs were not entitled to recover even if that question had been decided in their favor.

The case stated was not legally defective and could not have been quashed by the court. If the allegation of the plaintiffs' counsel be correct that their clients own the interest of John D. Lloyd in his mother's property, the fact, like all other material facts, should have been averred in the ·case stated. But the omission to aver that fact did not make the statement legally defective. It is true that the case stated did not disclose sufficient facts to warrant the entry of a judgment in favor of the plaintiffs, nor was it necessary; but it did disclose all the facts necessary to enable the court to enter an intelligent judgment. That is all that is required in a case stated. It is similar to and a substitute for a special verdict and if it contains facts which will warrant the entry of a judgment it is sufficient. There can be no question of the legal sufficiency of the case stated in the present case. The plaintiff's difficulty is that they omitted to include in the statement a fact which was necessary to enable them to recover a judgment, and without which the learned court below was compelled to enter judgment against them.

The assignments of error are overruled and the judgment is affirmed.