## Bertram *v.* Petrovsky, Appellant.

*Practice, C. P.—Case stated—Essentials of case stated—Submission under the Act of April 22, 1874, P. L. 109.*

1.  It is essential to a case stated that all the material facts be agreed upon so that the court may have nothing to do but to pronounce the law arising out of them.

2.  Where, after a jury has been sworn and testimony introduced, counsel enters into a colloquy taken down by the official stenographer, which results in the withdrawal of a juror and an understanding by the judge that he is to pass upon the whole subject-matter "under the pleadings, evidence and admissions in this case," the subsequent findings of fact, conclusions of law and judgment by the court, are wholly invalid, inasmuch as the agreement is bad as a case stated, and cannot be sustained as a submission under the Act of April 22, 1874, P. L. 109.

Argued Dec. 14, 1911.   Appeal, No. 177, Oct. T., 1911, by defendant, from order of C. P. No. 5, Phila. Co.,

Dec. T., 1906, No. 1,513, dismissing exceptions to adjudication in case of Frederick Bertram v. Frank Petrovsky. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ.   Reversed.

Replevin for a lot of clothing.  Before Staake, J.
The opinion of the Superior Court states the case.

*Error assigned* was in taking jurisdiction of the case and in entering judgment for the plaintiff.

*Charles L. Smyth*, with him *Michael J. Ryan*, for appellant.—The judgment is irregular and the court below had no jurisdiction: Schuylkill County v. Minogue, 160 Pa. 164; Pantall v. Dickey, 123 Pa. 431; Union Savings Bank v. Fife, 101 Pa. 388.

*Frank A. Chalmers*, with him *Simpson, Brown & Williams*, for appellee.—The agreement as to the facts and the submission of the law to the court constituted a case stated and as no right to appeal was reserved, this appeal must be dismissed: Hughes v. Peaslee, 50 Pa. 257; Com. v. Callahan, 153 Pa. 625; Morgan v. Mercer County, 8 Pa. Superior Ct. 96.

The judgment herein is not irregular, the court below having entered the same upon the agreed facts and the documentary evidence in the case: Miller v. Cambria County, 25 Pa. Superior Ct. 591; Ott v. Sweatman, 166 Pa. 217.

Counsel's agreement as to the facts bound their clients, as the agreement was in' open court, and made in the presence of their clients: Garrigan v. Dickey, 27 N. E. Repr. 713; Central Branch Union Pac. R. R. Co. v. Shoup, 28 Kan. 394; Pratt v. Conway, 49 S. W. Repr. 1028; J. L. Roper Lumber Co. v. Elizabeth City Lumber Co., 49 S. E. Repr. 946; Hageman v. Salisberry, 74 Pa. 280.

Opinion by Rice, P. J., March 1, 1912:
After the jury had been sworn and testimony had been

introduced, counsel and court entered into a colloquy with a view to submitting the case to the decision of the court alone. This colloquy was taken down by the official stenographer, whose transcription of the same, approved by the court, was filed and sent up on this appeal as part of the record. As printed in the appellant's paper-book, it occupies over fifteen pages and consists of some admissions of fact and of such discussion of other questions of fact and law as might be appropriate as a preliminary to the framing of a case stated out of the oral and documentary evidence that had been introduced and that was at hand and could be introduced. But it did not result in an express or clearly implied agreement by the parties or their counsel setting forth distinctly all the facts upon which they asked the judgment of the court. On the contrary, at the conclusion of the colloquy the learned trial judge said: "I understand that you want me to pass upon this whole subject-matter and enter such a decree as to right, justice and equity shall pertain under the pleadings, evidence and admissions in this case." This was tacitly assented to, and thereupon, it is stated in the official report of the proceedings upon the trial, "A juror was withdrawn and the case submitted as to the facts and law to the trial judge by agreement of counsel." Subsequently, the learned judge filed his findings of fact, conclusions of law, and answers to written points submitted, concluding with a statement of the form and amount of the judgment to be entered. Exceptions were filed and subsequently dismissed, and from the judgment in favor of the plaintiff the defendant took this appeal.

One of the appellant's assignments of error raises the objection that the court had no jurisdiction to try the case without a jury, in the absence of written agreement waiving a trial by jury, signed by the parties and filed of record. In answer to this objection, it is urged by appellee's counsel that all the requisites of a case stated appear of record, and, as no right of appeal was reserved, the appeal must be dismissed. Having this question in view, we have stated, at

some length, the proceedings which led up to the submission of the case to the court. To state them with greater particularity would unduly prolong this opinion, without any corresponding benefit. It is essential to a case stated, that all the material facts be agreed upon, so that the court may have nothing to do but to pronounce the law arising out of them: Holmes v. Wallace, 46 Pa. 266; Ford v. Buchanan, 111 Pa. 31; Hazelbaker v. Clipper Coal Co., 158 Pa. 393. The facts ought to be distinctly and expressly agreed upon, and not left to be inferred from evidence: Diehl v. Ihrie, 3 Wharton, 143; Schuylkill County v. Shoener, 205 Pa. 592. These essentials are lacking in the present case. First, the facts were not clearly and succinctly stated in the submission. Secondly, what the facts were, and what facts were material and relevant to the issue, were matters not distinctly and expressly agreed upon, but left to be determined by the court under the pleadings, evidence, and admissions in the case. Much as it is to be regretted that this complicated and overgrown litigation cannot be brought to an end by a final judgment one way or the other, without subjecting the parties to further expenses and delay, it is quite clear that this desirable result cannot be reached lawfully by treating the submission as a valid case stated. Nor is the judgment sustained by a proper submission under the Act of April 22, 1874, P. L. 109. Both of these propositions are authoritatively determined by the case of Union Savings Bank v. Fife, 101 Pa. 388. There, at the conclusion of the evidence, counsel filed an agreement, in writing, "that the evidence, oral and record, and the entire record shall be treated as a case stated and judgment to be entered thereon by the court according to its views of the law and the facts, each party reserving the right to sue out a writ of error." The court then withdrew a juror, and afterwards entered "judgment on the case stated" for the plaintiff. It was held, on a writ of error, that the agreement was bad as a case stated, and that it could not be sustained as a submission under the act of 1874. Chief Justice SHARSWOOD,

speaking for the court, said: "A case stated is a substitute for and in the nature of a special verdict, and is subject to the same rules. It must find facts and not the evidence. If the finding in this respect be defective a venire facias de novo will be awarded: Kinsley v. Coyle, 58 Pa. 461. It cannot be pretended that this well-settled rule is at all affected by the Act of April 22, 1874, P. L. 109, passed in pursuance of art. V, sec. 27, of the constitution. Both the constitution and the act require that the agreement shall be in writing and filed; and the act directs that the court shall find the facts separately and distinctly, with answers to any points submitted, and the conclusions of law, which shall also be filed." Accordingly, the judgment was reversed and a venire facias de novo awarded. The same action must be taken in this case.

The judgment is reversed, and venire facias de novo awarded.