## Fendick *v.* Lloyd, Appellant.

*Vendor and vendee—Case stated—Res adjudicata—Hand money.*

1. Where a vendor brings an action of assumpsit against the vendee to recover a balance of purchase money of land, and the vendee defends on the ground that the vendor was unable to convey a marketable title, a judgment for the vendee is res adjudicata as to the nonmarketable title of the real estate in a later action brought by the vendee to recover the hand money which he had paid to the vendor; and in such a case it is immaterial that the judgment in the earlier case was based upon a case stated; but the earlier case is not conclusive as to the vendee's right to recover the hand money, where there is nothing to show that in making up the case stated any provision had been made or agreed upon for the entry of a judgment for any sum in favor of the vendee.

2. Whatever is not distinctly and expressly agreed upon in a case stated will be taken not to exist, and it is error to base a judgment on facts not set forth in the case stated.

Argued March 7, 1912. Appeal, No. 36, March T., 1912, by defendants, from order of C. P. Lackawanna Co., June T., 1911, No. 358, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Jacob Fendick v. Mary A. Lloyd and Samuel J. Lloyd. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule for judgment.

The opinion of the Superior Court states the facts.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*A. A. Vosburg*, with him *John J. Owens*, for appellants.— A former judgment will not operate as a bar to a subsequent suit upon the same cause of action, unless the proceedings and judgment in the first case involved or afforded full legal opportunity for an investigation and determination of the merits of the suit: Buchanan v. Banks, 203 Pa. 599; Weigley v. Coffman, 144 Pa. 489; Levison v. Bulmenthal, 25 Pa. Superior Ct. 55; Head v. Meloney, 111 Pa. 99.

*M. J. Martin*, with him *James J. O'Malley*, for appellee.—In a case stated, as in a special verdict, the facts must be distinctly and expressly agreed upon and set forth as admitted, and not left to be inferred from mere evidence. Whatever is not so set forth will be taken not to exist, as the court is not at liberty to draw inferences of fact: Diehl v. Ihrie, 3 Whart. 143; Driesbach v. Grover, 1 C. P. Rep. 39; Kinsley v. Coyle, 58 Pa. 461; Union Savings Bank v. Fife, 101 Pa. 388; Chester v. Traction Co., 4 Pa. Superior Ct. 575; Ford v. Buchanan, 111 Pa. 31; Lloyd v. Fendick, 231 Pa. 367.

The regularity of a judgment cannot be inquired into in a collateral action: Rogers v. Burns, 27 Pa. 525; Reber v. Wright, 68 Pa. 471; Hageman v. Salisberry, 74 Pa. 280.

OPINION BY HEAD, J., July 18, 1912:

The plaintiff and defendants entered into a written contract, by the terms of which the latter agreed to convey to the former a good title to certain real estate, in consideration of the payment of a sum of money therein designated. At the execution of the contract the plaintiff paid over the hand money agreed on, to wit, $500.

When the defendants tendered their deed and demanded the balance of the purchase money, the plaintiff refused to accept the deed or pay the money on the ground that the defendants were unable to convey a marketable title and therefore the consideration moving to him had failed.

To determine this question the present defendants began an action for the recovery of the balance of the purchase money. The present plaintiff there defended on the ground indicated. The action proceeded in the common pleas to a final judgment which was in favor of the then defendant. Upon an appeal by the plaintiffs in that action the judgment was affirmed by the Supreme Court: Lloyd et al. v. Fendick, 231 Pa. 367. Here then was a final determination by the court of last resort that the vendors could not make legal claim to the purchase money named in their .contract because they were not able to perform the covenant on which their alleged right to have the money rested. As between the parties to that litigation, that controversy was finally and forever at rest. The question was res adjudicata.

The present plaintiff then brought this action to recover the portion of the purchase money he had advanced on the strength of the covenant that had failed. What is the defense offered? Precisely the same question already finally litigated against the very parties who offer it. They again assert that they had a good title to the land they underook to convey; that the deed they tendered was a valid performance of their covenant to convey a good title, and therefore they had paid the consideration for the money here sued for and were entitled to keep it. Manifestly this is but a scarcely indirect way of asserting that the former judgment was erroneous, and that by trying the same question in this proceeding the alleged error of that judgment may be in part at least corrected. If the judgments of courts are of such little avail, even between the parties to them, the time and effort expended in securing and recording them are worse than wasted.

But we are urged to deny to the former judgment the conclusive effect it should otherwise have because, in the proceeding in which it was obtained, the parties by a case stated agreed on the material facts necessary to be ascertained in the determination of the controversy between them. What convincing force can the argument possess? Our entire system of pleading has been evolved for the purpose of ascertaining, in advance of the trial, the precise issues of law or fact which, when determined by the proper tribunal, would end the controversy. Suppose the plaintiffs in the former action had, in an ordinary statement of their claim, averred every material fact afterwards included in their case stated. If the defendant had then demurred and craved the judgment of the court on the law arising from the facts stated in the declaration, the court would then have had before it, just as it had after the case was stated, the material facts practically agreed upon by the parties. If issue had been joined on the demurrer and judgment had been entered that the plaintiffs take nothing and the defendant go without day, could it be seriously argued that such judgment would not be final and conclusive between the parties on the question in controversy? The situation here, legally speaking, is in no way different. It was said by WOODWARD, C. J., in Philadelphia & Reading Railroad Co. v. Waterman, 54 Pa. 337: "A case stated, when well drawn, is like an issue developed by special pleading, and presents in a single point or in a series of points, the very matter that is up for judgment."

We are asked by the learned counsel for the appellants to consider one further question, although it was never raised or argued in the court below and never considered or disposed of by that court. Obviously, an appellate court would be extremely reluctant to reverse a judgment on any such ground unless to prevent a serious miscarriage of justice. Here, nothing of that character is to be apprehended. The defendants have their property. They further have a portion of the plaintiff's money because

they were unable to perform the agreement on the strength of which they received that money. We can perceive no principle of justice that would be violated by permitting the plaintiff to recover his money. The question thus raised is that it was the duty of the defendant, in the former action, not only to defend against the recovery of the money then claimed from him, but also to advance his own claim for the return of what he had paid. There having been in that case but a general judgment for the defendant without any certificate of balance in his favor, it is argued the present plaintiff is concluded by that former judgment and cannot maintain this action. This argument again overlooks some of the important principles that have been settled in regard to cases stated. It was said in Phila. & Reading Railroad Co. v. Waterman, 54 Pa. 337: "The court cannot go beyond the issue that is thus brought upon the record, however manifest the justice that might be reached by going farther. The duty of the court is to decide the case that is stated, and to presume that what is not included was kept out for sufficient reason." In the very case between the same parties, already cited, Lloyd v. Fendick, 231 Pa. 367, Mr. Justice MESTREZAT said: "The court could only enter such judgment as was warranted by the facts set forth in the case stated. Such facts as are not stated therein are presumed not to exist. . . . Whatever is not distinctly and expressly agreed upon therein will be taken not to exist, and that it is error to base a judgment on facts not set forth in the case stated." In making up the case stated in that proceeding, no provision was made or agreed upon for the entry of a judgment for any sum in favor of the defendant. It is true the contract of sale, attached as an exhibit to the case stated, indicated that the vendee had paid $500 on account of the purchase money. Whether this was to be considered the price of an optional contract of purchase and to be retained in any event by the vendors; whether they had arranged to repay it voluntarily in case the controversy was determined against them; or what dis-

position, if any, they had mutually agreed to make of it, is in no way disclosed in the case stated.

But without the consideration of other reasons that will readily suggest themselves, adverse to this contention of the appellant, we are of opinion that the affidavit of defense discloses no valid answer to the plaintiff's claim and as a consequence the learned judge below was right in making absolute a rule for judgment for want of a sufficient affidavit of defense.

Judgment affirmed.