Conti *v.* Benefit Association of Railway Employees,
Appellant.

Argued April 15, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUN-
NINGHAM, BALDRIGE and DREW, JJ.

*Edwin C. Moon,* and with him *J. A. Stranahan, Jr.,*
and *Stranahan & Sampson,* for appellant.

*Emrys G. Francis,* and with him *Davis, Fruit and Anderson,* for appellee.

OPINION BY KELLER, J., July 8, 1931:

While not called a "case stated" the parties agreed upon a statement of facts in the case and submitted them to the court below for adjudication without a jury trial, under an agreement that, "If the court shall find that under the facts, the defendant is liable, judgment shall be entered for the amount so found by the court; if the court shall find that under the facts the defendant is not liable, then judgment shall be entered for the defendant." Both parties reserved the right of appeal.

Plaintiff's right of action was based on an accident insurance policy issued by defendant, insuring her husband, Fred Conti, against (inter alia) loss of life resulting directly and exclusively of all other causes from bodily injury sustained at any time during the life of this policy solely through external, violent and accidental means (excluding suicide sane or insane).

The facts relating to the injury sustained by the assured as submitted to the court were:

"Seventh. That on or about February 8, 1928, Fred Conti was employed by the Erie Railroad Company, and was working for the said company in the shops in Sharon, Mercer County, Pennsylvania. That on that day, among other duties, he was engaged in the removal of a locomotive jack from under a car; that while he was working he complained of a pain as he twisted to the left.

"Eight. He was taken to Dr. C. C. Marshall of Sharon, and was examined. Dr. Marshall diagnosed the case as acute traumatic left inguinal hernia.

"Ninth. That on or about March 7, 1928, the said Fred Conti was taken by the Erie Railroad Company to St. John's Hospital of Cleveland, Ohio, and an

212

operation was performed upon the said Fred Conti on March 7, 1928, for hernia. That the said operation for hernia was successful.

"Tenth. That the said Fred Conti died on March 15, 1928, and the cause of his death was bilateral croupous pneumonia."

Plaintiff's right of recovery does not depend on whether the injury to her husband was accidental, but whether it was "sustained solely through external, violent and accidental means." They are not synonymous: Trau v. Preferred Accident Ins. Co., 98 Pa. Superior Ct. 89.

The facts as submitted to the court in the seventh paragraph are not sufficient to sustain a finding for either party on this vital and indispensable matter of fact, and, as the submission is drawn, to warrant a judgment for either party. See Bertram v. Petrovsky, 49 Pa. Superior Ct. 426; Staten Island Rapid Transit Ry. Co. v. Hite, 41 Pa. Superior Ct. 527; Jones v. Integrity Trust Co., 292 Pa. 149.

The judgment is accordingly reversed and the record remitted with directions to quash the submission and proceed in regular course of trial by jury, or by a judge without a jury, unless the parties can agree upon sufficient facts to support a finding on the matter above referred to.