Hagy et ux. *v.* Sharp, Appellant.

Argued November 20, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Wendell E. Warner,* and with him *Lutz, Ervin, Reeser & Fronefield,* for appellant.

*E. Leroy Van Roden,* with him *Ralph L. Lindenmuth* and *John Paul Erwin,* for appellees.

Opinion by Parker, J., March 13, 1935:

The plaintiffs, John Hagy and Jessie R. Hagy, husband and wife, brought this action in assumpsit against the defendant, Harry T. Sharp, to recover the amount of a deficiency judgment which was entered against them after the foreclosure of a mortgage, which they subsequently paid, and for which judgment the plaintiffs claimed defendant was liable over to them by the terms of an article of agreement for the exchange of real estate. Although the questions involved concern matters of procedure rather than the substantive merits of plaintiffs' claim, it is necessary to refer briefly to the facts to reach the precise point in controversy.

Plaintiffs and defendant entered into a written con-

tract whereby the defendant agreed to convey a parcel of real estate, known as the Blythe Avenue property, to plaintiffs, and the plaintiffs agreed to convey to the defendant a parcel known as the State Road property. Values were fixed upon the respective pieces of land and provision was made for a settlement of the difference in values. The dispute arises out of the provision for sale of the State Road property. The plaintiffs agreed to sell the State Road property subject to two mortgages aggregating $6,500, and it was agreed that the defendant should ''have the privilege of selling or conveying the State Road property before settlement is [was] made on the Blythe Avenue property.'' When the parties met for settlement and did consummate the whole agreement, the plaintiffs conveyed the State Road property to John J. Ingram, ''under and subject to'' the two mortgages aggregating $6,500. The grantee in this deed defaulted in meeting the terms of the second mortgage, whereupon this mortgage was foreclosed and the property was sold for less than the amount due. The mortgagee then entered the judgment bond accompanying the mortgage and plaintiffs were compelled to pay the deficiency amounting to $1,485.10. Plaintiffs, in this suit to recover the amount they were compelled to pay the mortgagee, alleged that John J. Ingram was the nominee of defendant and that by the terms of the agreement of sale defendant was liable to plaintiffs for the amount of the deficiency judgment. The defendant, in his affidavit of defense, denied that Ingram was his nominee and, on the contrary, alleged that Ingram took the property ''solely and on behalf of'' H. G. Strafford, a real estate agent who had executed the written agreement for the defendant and who was instrumental in bringing about the exchange of properties, and that Strafford was the agent of the plaintiffs and not of the defendant in undertaking to as-

sume the obligations of the contract with relation to the State Road property, although defendant testified that he orally transferred his interest in that property to Strafford.

A jury was chosen and sworn and plaintiffs had offered parts of their proofs when it developed that one of the facts in dispute was whether Ingram was the nominee of the defendant Sharp, and there was a difference of opinion between counsel and between counsel and the court as to the legal effect of such fact if it was true, and also as to whether defendant would, in any event, be chargeable with taxes that had been paid in the foreclosure proceeding. Thereupon the court suggested that the jury be discharged, judgment be entered for the defendant and a motion should be made by plaintiffs for judgment n. o. v., and that the cause be then submitted to the court for final determination on the evidence which had been received or that should be received later. After exchanges between court and counsel for both parties, this general plan was adopted and the court stated the agreement of counsel to be as follows: ''Three questions. First —was the man who got the title the nominee of the defendant. That is to be decided by the court as a question of fact from the evidence produced now or in the future. The second question is whether or not the law is as you say it is. If it is that is the end of the case—the binding instructions stand. If it is not the law and we agree with Mr. Van Roden's contention then you agree that we shall enter judgment for the $1,485 with interest, less the taxes, if the court as a matter of fact determines that the plaintiffs are liable to the defendant for these taxes.'' Some days later, the case was again called for hearing by the court, without jury, and further testimony was heard. The court below then followed in the main the procedure prescribed by the Act of April 22, 1874, by making

findings of fact and law and entering a judgment for the plaintiffs for the sum of $1,485.10 with interest, non obstante veredicto.

The appellant insists that this procedure cannot be sustained either as a submission under the Act of 1874 for a trial by the court without jury or as a case stated, and that, in any event, the court did not decide the specific and only fact which was submitted to it, and that the proceeding was, therefore, so irregular as to require a new trial. It will be noted in this connection that the agreement for submission was not in writing but was dictated by the court to the stenographer and subsequently transcribed.

It is not open to argument that the proceeding cannot be sustained as a case stated, for the facts were not agreed upon, a necessary essential of a case stated: Berks County v. Pile, 18 Pa. 493; P. & R. R. R. Co. v. Waterman, 54 Pa. 337; Lloyd v. Fendick, 231 Pa. 367, 80 A. 529. "It is resorted to for convenience, and to save the expense of a trial; its purpose being, not to make evidence for a jury, but to supersede the action of a jury altogether, by imparting to facts ascertained by consent the judicial certainty requisite to enable the court to pass upon the law, and give judgment on the whole. Therefore, the facts must be agreed upon, and stated fully": II Troubat & Haly's Practice, p. 947.

Neither can this proceeding be sustained as a submission under the Act of 1874, providing for the trial of a civil case by the court without a jury, for the agreement for the waiver of trial by jury was not made in compliance with that act. In Union Savings Bank v. Fife, 101 Pa. 388, after the evidence in that case had been concluded on trial before a jury, an agreement was entered into orally that the entire record should be treated as a case stated and judgment be entered thereon by the court according to its view

of the law and facts. Mr. Chief Justice SHARSWOOD, after pointing out that the submission could not be sustained as a case stated, further said with reference to a claim that it could be sustained as a proceeding under the Act of 1874 as follows: "A case stated is a substitute for and in the nature of a special verdict, and is subject to the same rules. It must find facts and not the evidence. If the finding in this respect be defective a venire facias de novo will be awarded: Kinsley v. Coyle, 8 P. F. Smith 461. It cannot be pretended that this well settled rule is at all affected by the Act of April 22, 1874, P. L. 109, passed in pursuance of Art. V, §27 of the Constitution. Both the Constitution and the act require that the agreement shall be in writing and filed; and the act directs that the court shall find the facts separately and distinctly, with answers to any points submitted, and the conclusions of law, which shall also be filed." This decision of the Supreme Court was followed by this court in Bertram v. Petrovsky, 49 Pa. Superior Ct. 426. There, just as in this case, the agreement resulted from a colloquy between counsel and court after some evidence had been received.

Counsel for the appellee have called our attention to the case of Pittsburgh's Petition, 243 Pa. 392, 90 A. 329, which was a proceeding instituted on the petition of certain property owners to recover costs and expenses incurred in connection with a proceeding to open a street where the improvement was abandoned by the municipality. The proceeding was instituted at the instance of the property owners and, while there was no formal agreement filed in the case dispensing with a jury trial, the record did show a written application in the form of a motion followed by a written petition on the part of the appellant to unite in the proceedings before the auditor had entered upon his work, and this was held to be an agreement filed. We

do not think there is any inconsistency between the two decisions of the Supreme Court.

Finally, and aside from all technicalities, the court not only did not decide the question of fact which was submitted by the parties, but made findings of fact which had not been discussed and were not submitted for the court's determination and predicated conclusions of law on such other facts so found. The question of fact which was to be determined by the court was whether Ingram was the nominee of the defendant Sharp; with reference to this question the court found as follows: "10. John J. Ingram, the grantee in the deed from Hagy and wife, had no interest in the State Road property, and took title merely as straw man for Strafford or Sharp." This did not answer the question submitted and, as we have pointed out above, the court committed the further error of deciding other questions of fact and predicating its decision upon such facts so found.

Where, in a proceeding of this kind, the judgment is defective, it is our duty to award a new trial: Union Savings Bank v. Fife, supra.

Judgment reversed and a venire facias de novo awarded.