## Kutz, Executrix, v. DeLong

*Charles K. Derr, Samuel E. Bertolet* and *J. W. Bertolet,* for plaintiff.

*Edwin L. DeLong* and *C. H. Ruhl,* for defendant.

SCHAEFFER, P. J., June 21, 1937.—This is an action of assumpsit for an account under section 11 of the Practice Act of May 14, 1915, P. L. 483. In her statement the plain-

tiff averred that the defendant and the plaintiff's testator had been tenants in common upon equal shares of a certain farm and that the defendant had received, but not accounted for, the rents, issues, and profits thereof for certain designated years. Plaintiff, therefore, asked (1) that the defendant be required to furnish plaintiff with a proper account, and (2) that plaintiff recover from defendant the balance which such account should show to be due to plaintiff. Thereupon defendant filed an affidavit of defense admitting the plaintiff's right to an account and thereafter filed an account. To this plaintiff filed exceptions and then at least as far as the record discloses without notice to, or agreement by, the defendant proceeded to have an auditor appointed by the court. The parties, their witnesses and counsel appeared before the auditor and submitted their testimony and contentions. The auditor restated the account, prepared his report and gave the parties notice of his intention to file the report and account. To certain findings of the auditor the defendant filed exceptions which, upon consideration, the auditor dismissed. The report was then filed and the matter came up for argument upon plaintiff's motion that the auditor's report be confirmed and judgment entered for the plaintiff and against the defendant for the amount shown to be due in the report.

But as defendant has pointed out, what authority have we to do so? The action is assumpsit and surely under our Constitution and laws, the court has, neither directly nor through an auditor, any authority or jurisdiction to decide any issues of fact except in the mode prescribed by law. The proceeding here is not upon a case stated, for the parties have not agreed upon the facts: Berks County v. Pile, 18 Pa. 493; Lloyd et al. v. Fendick, 231 Pa. 367. It is not a proceeding under the Act of April 22, 1874, P. L. 109, 12 PS §688, for a trial by the court without a jury, for the parties have not agreed to waive trial by jury in compliance with that act. It is neither a voluntary nor an involuntary submission to arbitration under the

Act of June 16, 1836, P. L. 715, 5 PS §1 et seq., for the parties have not agreed to arbitration nor has either party entered a rule of reference. Nor, although the auditor here is a person learned in the law, is this a proceeding to submit the case to the decision of a referee under the Act of May 14, 1874, P. L. 166, 5 PS §201 et seq., for the parties have not in writing agreed to do so. Nor is this a proceeding for a declaratory judgment under the Act of June 18, 1923, P. L. 840, 12 PS §831. In fact, there has been no trial in a mode known to our laws and we are, therefore, unable to enter a valid judgment upon the present state of the record. See Hagy et ux. v. Sharp, 117 Pa. Superior Ct. 187.

The plaintiff seeks to support her procedure by reference to Miller v. Belmont Packing & Rubber Co., 268 Pa. 51, and Duggan v. Duggan, 291 Pa. 556. Before the Practice Act of 1915, there were two methods known to the law by which a plaintiff could compel a defendant to account to him, namely, by bill in equity and by an action of account render at law. In Miller v. Belmont Packing & Rubber Co., supra, it was held that the Practice Act, supra, in providing a third method, had validly enlarged the scope of the action of assumpsit so as to entitle the plaintiff, upon proper allegations and proof, to a decree that defendant account to him. Such decree, the court says (p. 65) : ". . . is nothing more nor less than a judgment of quod computet, and can be so treated." The court then points out that section 23 of the Practice Act authorizes courts to make rules for the "proper enforcement" of the statute and goes on to say that "possibly it was the legislative intention that the courts, by such rules, should provide for and regulate the audit of accounts and the entry of final judgments thereon", and "whether this is true, and how far the act has succeeded in that direction, can be decided, if and when an unmistakable attempt is made to proceed to audit and judgment thereunder". In the Duggan case, after deciding that in an action of assumpsit for an account the plaintiff may

cause judgment to be entered for the amount which the affidavit of defense admits to be due and then proceed to trial upon the other issues, the court says (p. 563) :

"The general procedure in this class of actions is plain. If, as here, defendant admits his duty to account, and files what he alleges to be a true one, no order to account is necessary, and *the issues actually raised are to be disposed of as in other cases of assumpsit.* If defendant does not dispute plaintiff's right to an account, but files none, or insufficiently denies the right, plaintiff may proceed under section 19 of the Act of 1915 (P. L. 486) ; the court should order an account, and *the suit will then proceed as in other cases.* If defendant sufficiently denies the duty to account, the issues actually raised by the pleadings must first be tried: Miller v. Belmont Packing & Rubber Co., supra, pages 58, 59. If, as the result of the trial, it is determined that defendant is not required to account, the suit ends there; if it is decided he must account, the court so orders, and the suit thereafter proceeds as in other cases: Miller v. Belmont Packing & Rubber Co., supra, pages 63, 64.

"The procedure, after an account has been filed, will be governed by the general or special rules of court provided for by section 23 of the statute. *It need not be, indeed should not be, according to the practice in account render.* The Act of 1915 was passed for the purpose of providing for an action at law, in this class of cases, without the necessity for adopting the cumbersome, dilatory and expensive method of account render, and, as stated, should be construed to simplify procedure,—not to retain that which is the reverse of simple. If, for instance, the court rules assimilate the procedure under the Act of 1915 with that provided in cases of bills in equity for an account, the spirit and purpose of the statute will have been complied with. We do not say that such assimilation must be provided for; other methods of procedure may be found to be equally effective; we only say that, whatever method is pursued, it must accord with the purpose and spirit of

the Act of 1915, and with the other existing procedural statutes." (Italics ours.)

Now Equity Rule 79 provides that if no exceptions have been filed to the account after due notice, "the account shall be examined, and if deemed necessary, audited by the court and if found to be correct, shall be confirmed and distribution shall then be ordered. . . . If valid exceptions are filed, or if there are issues of fact to be decided, the cause shall be set down on the next equity list for the taking of evidence; but if only legal matters are to be considered, it shall be heard on the next equity argument list." By Rule 15 the appointment of auditors is forbidden.

Our court has not adopted a rule regulating the practice in actions of assumpsit upon an account. And the plaintiff contends that no special rule is necessary—as was found to be the case in Duggan v. Duggan, supra. But plaintiff here, after defendant had filed an account, proceeded to have it referred to an auditor appointed by the court. In this we think there was error; for we can find no warrant in law to have the issues raised by the account and the exceptions thereto determined by an auditor in a proceeding under the Practice Act. That was a method authorized by the Act of October 13, 1840, P. L. (1841) 1, sec. 18, 12 PS §1403, in actions of account render. But as the Supreme Court has pointed out it must be taken as the legislative intent, in including accounts under actions of assumpsit by the Practice Act, to endeavor to simplify the former procedure at law. The reference to an auditor clearly does not achieve that result. And such procedure is uncharted by precedent, by statute or by rule of court. In an action of assumpsit it leads to an impasse. For after the auditor has had his hearing and prepared his report, is the party against whom the auditor has decided an issue to file exceptions with the auditor or with the court or with both? If the exceptions involve any dispute of fact, how does the auditor or the court obtain jurisdiction to decide such fact without the

aid of a jury? It is only when the parties have complied with the requirements of one of the statutory methods set up for the purpose that a court can obtain jurisdiction to enter judgment upon issues which involve the determination of facts: Hagy et ux. v. Sharp, supra.

When we examine the pleadings and the auditor's report in this case, we find that the issues are few, simple, and readily understandable. The account here embraces the items of debit and credit of the operation of a farm for a period of four years. There is no dispute whatsoever concerning any of the items for the second and third years. As to the first year, the dispute concerns six items of debit totaling $974.97, which together raise only one question. And as to the fourth or last year, the dispute concerned four items being the proceeds of the sale of the 1932 crop of corn, which together raise only one question. Despite the fact that an account is involved, these issues can readily be tried by a jury.

It is true that the defendant might well at an earlier stage have challenged plaintiff's method of procedure. It is also true that defendant has not specifically excepted to the action appointing the auditor or to the jurisdiction of the auditor. She has, however, at the argument questioned the procedure and the jurisdiction of this court to enter a judgment upon the record as it now stands. Of course, we have jurisdiction of the parties and of the subject matter, but we can obtain jurisdiction to decide issues of fact only in the method provided by law, and this latter cannot be conferred upon us even by the parties except in accordance with law. Such jurisdiction cannot be founded upon mere consent, waiver, or estoppel.

Where a proceeding is one in which, under a certain statute, a court is given jurisdiction to decide the issues of fact without a jury and the parties proceed to trial without claiming their right to trial by jury in the method or at the time prescribed by another statute, the failure so to claim trial by jury constitutes an effective waiver of that right. Thus where a court of equity has taken

jurisdiction of a taxpayer's bill and the defendant has failed to object to the jurisdiction in limine in accordance with the requirements of the Act of June 7, 1907, P. L. 440, 12 PS §1227, the defendant has impliedly waived his right to trial by jury and is bound by such waiver: Wright et al. v. Barber, 270 Pa. 186, 190. The defendant, having failed to take advantage of the provisions of the Act of 1907, supra, and proceeded to trial, is thereafter held to have waived his right to trial by jury "exactly as if it was a proceeding on the law side of the court, and was being tried 'without a jury upon agreement filed.'" In such case, the failure to follow the provisions of the Act of 1907 takes the place of the agreement of the parties to waive the jury trial. There must be one or the other: either a failure to claim a jury trial within the time, or according to the method, set up by some statute, or an agreement filed under some other statute. Thus the twelfth section of the Act of July 12, 1913, P. L. 711, establishing the Municipal Court of Philadelphia and defining its jurisdiction, amended by the Act of June 20, 1919, P. L. 515, 17 PS §695, authorizes the parties to waive a jury trial by agreement manifested in a certain way. After such agreement, the right to trial by a jury is gone: Ladner v. Forman et al., 107 Pa. Superior Ct. 245. But nothing less than an express waiver will do; there can be no waiver by implication: Kaplan v. Baron, 68 Pa. Superior Ct. 514.

In McCutcheon, to use, v. Allen, 96 Pa. 319, it was held to be error for the court to decide from depositions disputed facts without awarding an issue. The present case differs from that only in that the testimony was taken before an auditor appointed by this court, who also made findings of fact, instead of before a notary public who made no findings.

It is to be noted that the controversy here involves certain items that do not appear in the account of the defendant, but which plaintiff claims should appear there as items of debit. It might be that plaintiff would desire to

challenge one or more items of credit. These issues we think should be raised by plaintiff's filing a reply to the account. The account and such reply would together delineate the issues to be decided by the jury. To effectuate this formation of the issue, we are herewith, under section 23 of the Practice Act, supra, adopting an additional rule of court.

We are of the opinion, therefore, that the appointment of the auditor here was without warrant of law, that the proceedings before him and his report are of no legal effect and that we are without authority under the present state of the record to enter any valid judgment.

And now, to wit, June 21, 1937, the motion made April 9, 1937, for absolute confirmation of the auditor's report is dismissed.