### Goldfarb v. Colitz Coal Co.

*John B. McGurl*, for plaintiff.
*Roy P. Hicks* and *Guy Waltman*, for defendant.

DALTON, J., December 3, 1945.—This case was tried before the writer and a jury. After considerable evidence had been offered on both sides, counsel orally agreed that "the matter, the testimony being closed, shall be submitted to the court; and that the jury be discharged from the consideration of it; and that the court shall take into consideration the whole case, law and facts and decide the matter". In accordance with this agreement the jury was discharged and the decision of the court was reserved pending the transcription of the testimony.

The Act of April 22, 1874, P. L. 109, sec. 1, 12 PS §688, provides that:

"In any civil case ·. . . after issue joined, the parties thereto . . . may, by agreement filed in the proper office where such suit is pending, dispense with trial by jury, and submit the decision of such cases to the court . . .".

The same provision is contained in article V, sec. 27, of the Constitution of Pennsylvania.

"Both the Constitution and the act require that the agreement shall be in writing and filed . . .": Union Savings Bank v. Fife, 101 Pa. 388, 389. A dictation of an oral agreement upon the official stenographer's record, as was done in this case, is not a sufficient compliance with the act, and any judgment the court might enter in reliance upon such agreement would be wholly invalid. It was so ruled in Bertram v. Petrovsky, 49 Pa. Superior Ct. 426, and in Hagy et ux. v. Sharp, 117 Pa. Superior Ct. 187.

"This is a proceeding under an act of assembly, the provisions of which must be strictly complied with to give the court jurisdiction. The requirements of the act are mandatory, and insofar as they are disregarded the proceedings are of no validity": Harris v. Mercur (No. 1), 202 Pa. 313, 316. We have no choice but to direct a new trial.