497 A.2d 247

**CLEARFIELD BANK & TRUST COMPANY, Guardian of the Estate of Vicki Ann Sevetsky, Appellant,**

v.

**AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued March 20, 1985.

Filed June 28, 1985.

Reargument Denied Sept. 11, 1985.

John R. Ryan, Clearfield, for appellant.

Robert L. Martin, State College, for appellee.

Before CIRILLO, HOFFMAN, and ROSENWALD.*

ROSENWALD, Judge:

This is an appeal from judgment dated April 12, 1984 entered in favor of the Plaintiff and against the Defendant for interest at the rate of 18% from the date of demand of April 22, 1982, to the date of payment of November 2, 1982 for "post mortem" work loss benefits under the Pennsylvania No-Fault Insurance Act. 40 P.S. § 1009.106.

Ernest E. Sevetsky, Jr. was injured in an automobile accident on February 5, 1977. He subsequently died on March 16, 1977 as a result of said injuries. Appellant applied for no-fault benefits on March 17, 1977. Appellee, American Manufacturers Mutual Insurance Company, paid to the Estate of Ernest E. Sevetsky, Jr. one thousand five hundred dollars ($1,500.00) for funeral expenses and eight hundred twenty-seven dollars and seventy-five cents ($827.75) for pre-death work loss benefits on February 17, 1978 which covered the period of time from the date of the

---

* Judge EDWARD ROSENWALD of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

injury to the date of death (February 5, 1977 to March 16, 1977).

Ernest E. Sevetsky, Jr. was survived by his wife, Ruth Ann Sevetsky, and a minor daughter, Vickie Ann Sevetsky. The Estate of Ernest E. Sevetsky, Jr. made demand upon appellee for survivor's loss benefits payable to the minor child February 24, 1978.

Appellee paid to the mother and natural guardian of Vickie Ann Sevetsky survivor's benefits in the amount of Two Hundred Dollars ($200.00) per month up to Five Thousand dollars ($5,000.00). These payments were made each month through June 15, 1980.

Appellant made a demand for interest on the balance payable to Vickie Ann Sevetsky for work-loss benefits on October 29, 1982.

Appellee refused to pay interest on the money paid for post-mortem work loss benefits and on May 20, 1983, appellant filed his complaint in this action.

The parties submitted the case to the Court by each filing Proposed Stipulations of Fact. Counsel for both parties agreed that both the Defendant's and the Plaintiff's proposed Stipulations of Fact were to be considered by the Court and that "the Court may issue a decision on the law based upon the Plaintiff's and the Defendant's Proposed Stipulations of Facts."

Argument was scheduled and heard on March 28, 1984. The Court of Common Pleas then filed the following Order:

NOW, this 12th day of April, 1984, upon consideration of Stipulations of Fact and Briefs submitted in the above matter, it is the Order of this Court that judgment be and is hereby entered in favor of the Plaintiff and against the Defendant for interest at the rate of 18% to be computed under Section 106(a)(2) of the Pennsylvania No-Fault Insurance Act from the date of demand of April 22, 1982, to the date of payment of November 2, 1982.

The Defendant filed exceptions on April 24, 1984. The same day, without filing a motion for post-trial relief,

Plaintiff filed a notice of appeal to the Superior Court of Pennsylvania from the Order of the Court of Common Pleas dated April 12, 1984.

Appellees filed a motion to quash alleging that the case was submitted to the court as a case stated, and that appellant did not reserve a right to appeal. The Superior Court, on January 23, 1985, denied appellee's motion to quash without prejudice to the parties to brief the issue of appealability.

■ The threshold issue is whether this case is a case stated. A case stated is distinguished from a case tried by the court without jury upon stipulated facts, because on a case stated the parties submit an agreed statement of facts for the *judgment* of the court, whereas upon a trial without jury upon stipulated facts the case is submitted for the *decision* of the court. *See County of Allegheny v. Allegheny County Prison Employees' Independent Union*, 53 Pa.Commw.Ct. 350, 417 A.2d 864 (1980).

■ Here, the parties agreed to submit this case to the court as a "case stated." But, when the parties submitted their proposed stipulation of fact to the court, neither party mentioned that this was to be a case stated. However, in both parties' briefs which were filed with the court prior to argument, they both agreed that the issues were to be submitted on a case stated basis. Therefore, under the circumstances, it is clear that both parties intended that the case be submitted on a case stated basis.

The problem lies in the fact that the parties agreed to have the Court issue "a *decision* on the law based upon both the Plaintiff's and the Defendant's Proposed Stipulations of Facts." (Emphasis added.) A case stated, however, requires that the court enter a *judgment*, not a decision. *See County of Allegheny v. Allegheny County Prison Employees' Independent Union, supra;* 6 Standard Pennsylvania Practice 40 (1960). This Court has previously held that a case stated did not exist where the parties failed to inform the Court respecting the form and sub-

stance of the judgment to be entered and to specifically agree that it should be entered. *Morgan v. Mercer County*, 8 Pa.Super. 96 (1898). *See also, Wedgewood Associates v. Caln. Tp.*, 54 Pa.Commw. 557, 422 A.2d 1190 (1980); *County of Allegheny v. Allegheny County Prison Employees' Independent Union, supra.*

The case *sub judice* is distinguished from the *Morgan* case. Here, the parties specifically agreed in their briefs that the case should be submitted as a case stated. The only defect was that they asked the court to render a decision instead of a judgment. This should not alter the clear intention of the parties to submit the case as a case stated, especially since the trial court took the correct approach by entering a judgment in the case. Furthermore, neither party ever objected to the court entering a judgment.

■ The appellant argues that the case was submitted as a case stated. The appellee argues that if this was a case stated, the appeal should be quashed for failure to reserve a right of appeal. Alternatively, appellee argues that if this was not a case stated, the appellant waived any right to appeal because they failed to file exceptions.

Appellant relies on the Commonwealth Court's opinion in *Sweeney v. Lakeland School District,* 13 Pa.Commw. 485, 319 A.2d 207 (1974) in arguing that an appeal was properly taken where the case stated was "inartful" and failed to contain a reservation of the right of appeal and that Section 9, Article V, of the State Constitution provides a right of appeal from a court of record.[1]

---

1. In a subsequent opinion, the Commonwealth Court cited *Sweeney v. Lakeland School District*, 13 Pa.Commw. 485, 319 A.2d 207 (1974) along with *Commonwealth v. Callahan, supra.* for the proposition that "the judgment of the court on a case stated is final unless the agreement to the case expressly reserves the right to an appeal." *County of Allegheny v. Allegheny County Prison Employees' Independent Union, supra.*, 417 A.2d at 866.

The problem in *Sweeney* was that all of the essential facts were not established.[2]  Additionally, in *Sweeney* there was such a great uncertainty concerning the procedures that the court in its first Order entered a verdict instead of a judgment.  Here, on the other hand, all the facts were presented to the Court and both parties agreed that the case should be submitted to the Court as a case stated.

For the reasons above stated, we find that the issues were submitted to the Court on a case stated basis, and since appellant failed to reserve the right to appeal, the judgment of the court is final.  *Commonwealth v. Callahan*, 153 Pa. 625, 25 A. 1000 (1893); *County of Allegheny v. Allegheny County Prison Employees' Independent Union, supra*.

Appeal dismissed.

---

**2.** *See Ford v. Buchanan*, 111 Pa. 31, 2 A. 339 (1885) (a proper case stated is where all the facts are agreed upon.  Where there is one essential fact in dispute, the appeal will be quashed).