516 A.2d 1207

**EAST COAST PROPERTIES, INC., Appellee,**

v.

**The HARFORD MUTUAL INSURANCE CO., Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 4, 1986.

Filed Oct. 27, 1986.

Ronald D. Ashby, Media, for appellant.

Michael P. Dignazio, Media, for appellee.

Before CIRILLO, President Judge, and MONTEMURO and KELLY, JJ.

MONTEMURO, Judge:

This is an appeal from a judgment of the Delaware County Court of Common Pleas, which followed the denial of appellant's motion for "post-verdict" relief.[1] Because appellant failed to file a timely notice of appeal, we must quash for lack of jurisdiction.

Appellee, East Coast Properties, Inc. (East Coast), brought this action on on an insurance policy issued by appellant, the Harford Mutual Insurance Company (Harford Mutual), to recover damages that resulted from the theft of East Coast's automobile. Florida police had recovered the

---

1. Appellant filed its notice of appeal prior to entry of judgment in this case. Appellee, therefore, filed a motion to quash the appeal, which a single motions judge of this court denied on October 4, 1985. In light of our decision here, we see no reason to reconsider the motion to quash.

automobile in October of 1982, but, according to East Coast's complaint, "the vehicle at the time of its recovery was worth only $500.00, its salvage value."

A panel of arbitrators awarded $3,500.00 to East Coast, and Harford Mutual appealed to the court of common pleas. Immediately prior to trial before a jury, the court granted East Coast's oral motion *in limine,* which prohibited Harford Mutual from offering evidence on the salvage value of the recovered automobile because Harford Mutual had failed to plead salvage in new matter as an affirmative defense.[2] The parties then agreed to forego trial and submit the controversy to the court as a case stated. In their case stated agreement, they set forth a concise statement of the facts and concluded by agreeing to the entry of judgment as follows:

If the Court is of the opinion that the actual cash value of the aforesaid vehicle on the date of the theft, September 18, 1982 be [sic] Four Thousand Dollars ($4,000.00) then judgment is entered in favor of the Plaintiff and against

---

**2.** The slender record in the case reflects some confusion, on the part of all concerned, over the exact effect of the trial court's ruling. At some places in its opinion, for example, the lower court apparently feels that the grant of East Coast's motion *in limine* precluded Harford Mutual from introducing any evidence on the issue of actual prejudice. At other places, the court seems to feel that it precluded only evidence on the issue of the recovered automobile's salvage value. The transcript of the proceedings at which the court granted East Coast's motion is similarly ambiguous. We note only that although a defendant-insurer bears the burden of pleading and proving both "actual prejudice" and "salvage value," those terms are not interchangeable. In *Brakeman v. Potomac Insurance Co.,* 472 Pa. 66, 371 A.2d 193 (1977), the supreme court required that a defendant-insurer, in order to avoid liability on a contract of insurance, must show "actual prejudice" above and beyond mere failure of an express condition in the contract. On the other hand, a defend-insurer pleads "salvage value" not to avoid liability altogether, but to mitigate the amount it will owe to its insured. *See Judge v. Celina Mutual Ins. Co.,* 303 Pa.Super. 221, 449 A.2d 658 (1982); 8 Blashfield Automobile Law and Practice § 333.3 (F. Lewis ed. 1966). Significantly, the parties in their stated case agreement of May 2, 1985 characterized the court's action as a prohibition only against evidence of salvage value, and we so regarded it for purposes of our review. None of this, however, bears upon our ultimate disposition of this appeal.

the Defendant in the sum of Four Thousand Dollars ($4,000.00), but if the Court be of the opinion that the vehicle was of a lesser value then judgment be entered in favor of the Plaintiff for the lesser value.

Upon consideration of this submission, the court, by order of June 17, 1985, entered a "special verdict in the sum of Four Thousand Dollars ($4,000.00) in favor of the Plaintiff and against the Defendant." The court filed the order on June 19, 1985.

In response, Harford Mutual filed a motion for post-verdict relief on June 29, 1985, which the court denied by order of August 2, 1985, filed August 5. On August 30, 1985, Harford Mutual filed a notice of appeal "from the special verdict entered on June 17, 1985." [3]

■ Before this court, Harford Mutual contends that East Coast's sale of the recovered automobile before Harford Mutual could inspect it and appraise its salvage value so prejudiced Harford Mutual's rights under the insurance contact that Harford is excused from performance. We find, however, that Harford Mutual should have appealed within 30 days after the trial court entered its "order for special verdict" on June 17, 1985. By failing to do so, it deprived this court of jurisdiction to hear its case. We therefore must quash the appeal.

■ The parties elected to present their controversy to the trial court in the unique form of a case stated. We

---

**3.** The cover sheets on the briefs and reproduced record that the parties have filed with this court list this proceeding as an appeal "from the *Order* of the Honorable Clement J. McGovern, Jr., *dated August 2, 1985,* and from Judgment of September 3, 1985." (emphasis added). We note that on September 17, 1985, Harford Mutual filed a motion to amend its notice of appeal to reflect that the appeal was from the order of August 3, which denied Harford Mutual's motions for "post-verdict" relief, not the June 17 "order for special verdict." A single motions judge of this court denied the motion to amend on October 4, 1985. In light of our decision here, however, we would have to quash regardless of whether Harford Mutual's appeal lies from the June 17 order or the August 2 order.

recognize that the case stated is an effective means of resolving a legal dispute expeditiously and inexpensively when the parties agree on the underlying factual issues. Nonetheless, the stream-lined procedure can backfire on those unwary litigators who are used to more cumbersome devices.[4] In order to submit a case stated, the parties must agree on all of the material facts "so that the court may have nothing to do but to pronounce the law arising out of them." *Bertram v. Petrovsky,* 49 Pa.Super. 426, 429 (1912). More importantly, for our purposes here, the parties to a case stated must submit their agreed statement of the facts for the final *judgment* of the court. They cannot seek a mere *decision,* upon which the prothonotary enters judgment only after the court has disposed of all timely motions for post-trial relief. *See Clearfield Bank and Trust Co. v. American Manufacturers Mut. Ins. Co.,* 344 Pa.Super. 588, 497 A.2d 247 (1985); *County of Allegheny v. Allegheny County Prison Employees' Independent Union,* 53 Pa.Commw.Ct. 350, 417 A.2d 864 (1980). The court therefore does not have to "file [a] decision and give the parties notice thereof and a specified number of days after service of such notice in which to file exceptions to the decision of the court, as it [must] on the trial of a case by a court without a jury." 7 Standard Pa.Practice 2d § 43.17 (1982). Once entered, the judgment in a case stated is final and immediately appealable. No post-trial motions are necessary. *See Clearfield Bank and Trust,* 344 Pa.Super. at 592, 497 A.2d at 249; *Frankel v. Reliance Mutual Life Ins. Co.,* 199 Pa.Super. 295, 184 A.2d 305 (1962).

In this case, the court rendered an "order for special verdict," not a "judgment." Nonetheless, we have disregarded similar defects of nomenclature when the trial court and all parties concerned treat the proceedings as a case stated. *See Clearfield Bank and Trust,* 344 Pa.Super. at 592, 497 A.2d at 249 (parties had asked for the court's

4. For an exhaustive treatment of the case stated, see 7 Standard Pa.Practice 2d § 43:1 *et seq.* (1982).

"decision" rather than its "judgment"). Certainly form should not prevail over substance. In their case stated agreement, the parties sought the entry of "judgment" on the facts as stipulated. Moreover, throughout the proceedings below, and in their briefs and oral arguments on appeal, both East Coast and Harford Mutual have characterized this case as a case stated. We therefore conclude that the June 17, 1985 "order for special verdict" was a final and immediately appealable judgment.

Both the parties and the trial court appear to have assumed that Harford Mutual acted properly in filing for "post-verdict" relief instead of appealing directly to this court from the June 17 "order for special verdict." The parties and the court followed post-trial procedure as they would have in an ordinary nonjury case, *see* Pa.R.C.P. 227.1. Nonetheless, the June 17 order, unlike the "decision" that a trial court usually renders in a nonjury case, was final and immediately appealable. This court has held that "the filing of 'exceptions' to such an order, a practice neither authorized nor recognized by any rule of procedure, cannot extend the original thirty-day appeal period provided for by Pa.R.A.P. No. 903(a)." *Kennedy & Carter Construction Company, Inc. v. Barkley*, 321 Pa.Super. 348, 351, 468 A.2d 513, 515 (1983). *See also United States National Bank in Johnstown v. Johnson*, 506 Pa. 622, 487 A.2d 809 (1985); *Scoumiou v. United States Steel Corp.*, 293 Pa.Super. 254, 438 A.2d 981 (1981).

*Kennedy & Carter Construction* and *Scoumiou* involved interlocutory orders that were immediately appealable under Pa.R.A.P. 311(a). Rather than appeal the order within 30 days, the appellant in each of these cases filed "exceptions" with the trial court and perfected timely appeals only from the denial of these exceptions. In *Scoumiou*, we noted that if "every litigant aggrieved by an appealable interlocutory order could *unilaterally* extend the appeal period merely by filing exceptions ... that, of course, would amount to an impermissible assault on order-

ly appellate procedure." 293 Pa.Super. at 259, 438 A.2d at 983. By requiring the appellant in *Scoumiou* to appeal the initial appealable order, rather than pursue the matter further in the trial court, we sought to discourage the use of "dilatory tactics as a strategy." *Id.* (quoting *Provident National Bank v. Rooklin,* 250 Pa.Super. 194, 201, 378 A.2d 893, 896 (1977)). These considerations apply with equal force to this case. Harford Mutual cannot extend the time within which it can seek appellate review of a final and appealable judgment merely by filing for relief in the trial court. It perhaps could have petitioned the court to reconsider the judgment, but that would not have tolled the appeal clock. *See Boden v. Tompkins,* 306 Pa.Super. 494, 452 A.2d 833 (1982). Once the 30 day period following June 17, 1985 had lapsed, the court's judgment in this case became *res judicata. See United States National Bank in Johnstown v. Johnson, supra.*

Because the appellant, Harford Mutual Insurance Company, failed to file its notice of appeal within 30 days of the filing of the June 17, 1985 "Order for Special Verdict," we lack jurisdiction to consider this case on the merits and accordingly must quash the appeal.[5]

Appeal quashed.

**5.** We note that even if Harford Mutual had filed a timely appeal, we would not have addressed the issue it raises. In a case stated, the parties must expressly reserve in their agreement the right to appeal. Otherwise, the judgment is final and all appeals are waived. *See Clearfield Bank and Trust Co. v. American Manufacturers Mut. Life Ins. Co.,* 344 Pa.Super. 588, 497 A.2d 247 (1985); 7 Standard Pa.Practice 2 § 43.19 (1982). In the case stated agreement between Harford Mutual and East Coast, Harford Mutual reserved only "the right to take an appeal to the Superior Court on the pre-trial ruling of the Court that the Defendant, Harford Mutual Insurance Company, by failing to plead salvage value as an affirmative defense in New Matter is prohibited from admitting any evidence on that issue." Harford Mutual concedes in its brief that it had so limited its right to take an appeal. We fail to see how the "actual prejudice" arguments that Hartford Mutual raises on appeal constitute a challenge to the propriety of the trial court's pre-trial ruling. Because Harford Mutual did not reserve the "actual prejudice" issues for appeal, we could not have considered them.