557 A.2d 425

**Orlando A. FALCIONE, Appellant,**

v.

**CORNELL SCHOOL DISTRICT, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 29, 1988.

Filed April 27, 1989.

Lloyd F. Engle, Jr., Pittsburgh, for appellant.

William F. Cercone, Jr., Pittsburgh, for appellee.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

PER CURIAM:

This direct appeal follows the entry of judgment in favor of Defendant–Appellee, Cornell School District, hereinafter Cornell. For the reasons which follow, we vacate the judgment.[1]

The simple factual background of this case is muddled considerably by the convoluted procedure surrounding it. The Plaintiff–Appellant, hereinafter Falcione, is employed by Cornell as a school principal and initiated the declaratory action below to settle a salary dispute with his employer. Falcione averred in his complaint that he was awarded a yearly salary increase commencing with the 1972–1973 school year, which he received for that school year. However, after the 1972–1973 school year, Falcione did not again receive the allegedly promised yearly increases until the 1986–1987 school year.

The case was submitted by the parties to the Honorable Bernard J. McGowan on November 17, 1986 as a case stated. The case was apparently reassigned to the Honorable Leonard C. Staisey who, on October 19, 1987, found the case was not properly a case stated because part of the stipulation of facts did not appear to be solidly based. Judge Staisey found the record before him in the form of a

---

1. Cornell has chosen to stand on the Opinion and Order of Judge McGowan rather than file a brief in this matter.

case stated was insufficient to enable him to render a judgment, and therefore, ordered the case placed on the trial list. In his opinion accompanying the order, Judge Staisey noted that Cornell failed to raise the statute of limitations as a defense. He also reviewed specific issues which were not addressed in the stipulation, but which he apparently thought were relevant to the resolution of Falcione's claim.

Following Judge Staisey's order, Cornell filed, without Falcione's consent or leave of court, an amended answer and new matter raising the affirmative defense of statute of limitations as an absolute bar to Falcione's claim. Falcione responded by filing preliminary objections averring that the amended answer and new matter should be stricken. Falcione argued the responsive pleading was filed twenty-three months late, without leave of court, after the case had been listed for trial as a case stated, and after Judge Staisey's opinion had been filed.[2] Falcione's preliminary objections remained outstanding when trial commenced on November 20, 1988 before Judge McGowan. Additionally, the record reveals that these preliminary objections were never formally disposed of by Judge McGowan.

At the non-jury trial, the prior stipulation of facts which was earlier submitted to Judge Staisey was admitted into evidence. Falcione's case consisted of the stipulation, and his own testimony as well as that of one other witness. At the close of the trial, the court invited the parties to submit briefs supporting their respective positions. Subsequently, on January 28, 1988, the trial court entered an order stating that judgment was entered on behalf of Cornell. On February 5, 1988, Falcione filed post-trial motions, and on February 23, 1988, he filed amended post-trial motions. No post-verdict motions were filed by Cornell. The trial court denied all post-trial motions by order dated April 14, 1988.

2. In his opinion, Judge Staisey specifically noted the fact that Cornell had not raised the statute of limitations defense in its new matter.

From that order, and the judgment entered by the trial court, Falcione appeals.

A case stated begins with the parties submitting an agreed statement of facts and requesting that the court enter a judgment based on the facts stated. *Wertz v. Anderson*, 352 Pa.Super. 572, 508 A.2d 1218 (1986). It is useful to promote judicial economy because there is not a dispute between the parties concerning the facts. But, an essential requirement of a case stated is that the facts are all agreed upon and do not have to be found based upon the evidence. The court must only have to pronounce judgment by applying the law to the stated facts. *East Coast Properties v. The Hartford Mutual Insurance Co.*, 358 Pa.Super. 113, 516 A.2d 1207 (1986); *Hagy v. Sharp*, 117 Pa.Super. 187, 177 A. 578 (1935). However, the parties *must* reserve the right to appeal or that right is lost and the judgment of the court is final. *Clearfield Bank & Trust Co. v. American Manufacturers Mutual Insurance Co.*, 344 Pa.Super. 588, 497 A.2d 247 (1985). If the parties have reserved the right to appeal, the judgment of the court may be appealed immediately; no post-verdict motions are necessary. *East Coast Properties, supra; Clearfield Bank & Trust Co., supra.*

The record in the instant matter reveals that when the case was first submitted to Judge Staisey as a case stated, neither party reserved the right to appeal the judgment of the court. As previously discussed, this is a prerequisite to appealing the judgment entered by the court in a case stated. *Clearfield Bank & Trust Co., supra.* However, because Judge Staisey refused to pronounce judgment in the case due to the inadequacy of the record, i.e. the stipulated facts, the case was placed on the trial list. Although the same stipulation of facts was offered by the parties when the case was heard by Judge McGowan, it is clear that the case ceased to be a case stated once Judge McGowan heard oral testimony. This testimony enabled Judge McGowan to determine facts which were not part of the stipulation admitted into evidence. Thus, because Fal-

cione filed post-trial motions when Judge McGowan entered judgment,[3] the issues now presented for our review may properly be reviewed.

■ Falcione first argues that the court erred by *sua sponte* raising and applying affirmative defenses which were not pleaded or raised by the defendant. We have carefully read the opinion of the court below where a contract between the parties was specifically found to exist. Cornell did not challenge this finding below by way of post-verdict motions, nor is it challenged here. The trial court also found, based on the evidence offered, that "[t]he parties, by their acts here, have worked a mutual recission [sic] of the contract which this Court is powerless to change." Trial Court Opinion, at 5. Affirmative defenses are governed by Pa.R.C.P. 1030 which provides:

> All affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, assumption of the risk, consent, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, res judicata, statute of frauds, statute of limitations, truth and waiver shall be pleaded in a responsive pleading under the heading "New Matter".[sic] A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading.

Rescission is not among the affirmative defenses specifically enumerated in Pa.R.C.P. 1030. However, the rule clearly indicates that its listing of affirmative defenses is not exclusive. An affirmative defense is distinguished from a denial of facts which make up the plaintiff's cause of action in that a defense will require the averment of facts extrinsic

---

3. It was, of course, error for the court to have entered judgment before allowing the parties an opportunity to file post-verdict motions at the conclusion of the non-jury trial below.

to the plaintiff's claim for relief. *Lewis v. Spitler*, 266 Pa.Super. 201, 403 A.2d 994 (1979). Applying this principle, we hold that rescission is an affirmative defense which must be raised by the defendant under the heading new matter in its responsive pleading. Where the defendant is silent as to this defense, he cannot avail himself of its protection. Thus, if Cornell sought to avoid liability on the contract due to rescission, it had an obligation to raise this in its new matter since it is a fact which is clearly extrinsic to the plaintiff's claim for relief. We note that Cornell's answer merely sets forth denials of the averments of Falcione's complaint and fails to raise *any* affirmative defense.[4] The conduct of the trial court in this case is similar to the conduct which was admonished in *Wojciechowski v. Murray*, 345 Pa.Super. 138, 497 A.2d 1342 (1985). Moreover, we note that this finding by the trial court is directly contrary to paragraph 14 of the stipulation of facts where the parties agreed that "Cornell has not taken any official action to rescind ..." the pay increase plan. For these reasons, we find the trial court erred when it granted judgment in favor of Cornell on the ground that the contract was mutually rescinded.

In a related argument, Falcione next argues that the trial court erred in finding, contrary to the stipulated facts, that he did not voice any objection to not receiving the pay increase subsequent to the 1972–1973 school year. We have reviewed the stipulation of facts accepted by the trial court. In paragraphs 12 and 16 of the stipulated facts, the parties agreed that Falcione made attempts to discuss Cornell's non-compliance but was unsuccessful.[5] Stipulated facts are, quite simply, a statement of facts to which the

4. As discussed earlier, Cornell did file, albeit untimely, an amended answer and new matter wherein the statute of limitations was raised as an affirmative defense.

5. In both the stipulated facts and his brief to this Court, Falcione explains that a provision of the Public School Code, repealed by the Legislature in 1984, did not require Cornell to respond to him. Our resolution of this issue does not involve any interpretation or construction of any section or provision of the Public School Code.

parties are in agreement. Because the parties are in agreement as to those facts contained in the stipulation, they are controlling. No further determination by the fact-finder is necessary since the parties have already agreed that those facts have occurred. Thus, "[t]he court will hold a party bound to his stipulation: concessions made in stipulations are judicial admissions, and accordingly[,] may not later in the proceeding be contradicted by the party who made them." *Tyler v. King*, 344 Pa.Super. 78, 89, 496 A.2d 16, 21 (1985). We can only conclude that the trial court erred when its findings were contrary to the stipulated facts.

Falcione next argues that the court below abused its discretion when, after granting continuances to accommodate Cornell, it refused to grant Falcione's requested continuance despite the fact that his attorney was engaged in a trial in federal court thus requiring a new attorney to try Falcione's case with one day's time to prepare. Although this issue was raised by Falcione in post-verdict motions, there is no evidence in the record to support his argument. Therefore, based on the record before us, we are simply unable to determine whether Judge McGowan abused his discretion in denying Falcione's continuance.

Accordingly, for the foregoing reasons, the judgment is vacated. We direct judgment be entered for Plaintiff–Appellant Falcione in the amount of $34,041.00.[6] The case is remanded to the trial court for the prompt calculation of prejudgment interest, which, if applicable, shall be added to the judgment. Jurisdiction is not retained.

ROWLEY, J., files a concurring statement.

ROWLEY, Judge, concurring:

I concur in the majority's conclusion that judgment should be entered in favor of appellant, Falcione, in the

---

6. In their stipulation, the parties agreed that Falcione's unpaid salary amounted to $34,041.00.

stipulated amount of $34,041.00. However, I do not join in that part of the majority's analysis in which they conclude that the appellee, Cornell, has waived the issue of re-scission. At least on the facts of this case, I do not think it was essential for Cornell to raise the issue of rescission in new matter in order to preserve it because Falcione had already introduced the issue in his complaint. Paragraph 6 of Falcione's complaint specifically mentions rescission:

> Thereafter, Defendant applied that schedule of compen-sation increase for the administrative staff, proportionate to the negotiated increases for the represented teachers, but subsequently failed to apply that schedule and, *with-out any action taken to rescind or abrogate the May 1972 motion,* reverted to the prior practice of giving the administrative staff, including Plaintiff, at will dispropor-tionate increases in compensation.

Paragraph 9 of the complaint also states:

> To the knowledge of Plaintiff, Defendant has not adopted any written compensation plan other than that comprised in the May 1972 motion of Defendant as set forth hereinbefore and *that compensation plan of sched-uled increases proportionate to the bargained for in-creases of the teachers has never been revoked or amended and remains in effect,* though it has not been applied by Defendant as is more fully set forth herein-after.

Cornell's answer denied each of these paragraphs of the complaint. Therefore, in my opinion, the issue of rescission was properly raised in the pleadings, and it was not error for the trial court to address that issue.

Although in my opinion the issue of rescission was not waived, I agree with the majority that the trial court erred in entering judgment for Cornell because that determination was based on factual findings contrary to the express stipulations of the parties. The trial court's finding of rescission rests on two facts: 1) that Cornell rescinded the

contract when it failed to appropriate the necessary funds to implement the wage increases pursuant to the contract; and 2) Falcione rescinded the contract when he failed to object to Cornell's refusal to pay him the increased salary pursuant to the contract. The parties *stipulated*, however, that

14. Cornell has not taken any official action to rescind or amend the May 1972 Motion (Exhibit "B") or the plan inaugurated thereby.

\* \* \* \* \* \*

12. Falcione made attempts to discuss Cornell's noncompliance with the Cornell Board but was unsuccessful because the Public School Code of 1949 (citation omitted) did not require the Board to meet, discuss or negotiate with Falcione.

\* \* \* \* \* \*

16. From and after Cornell's adoption of the plan [ ] Falcione continued to perform all of his duties for Cornell in reliance upon Cornell's promises and undertakings under said plan, and when Cornell did not comply with the plan, attempted to discuss the noncompliance but was not permitted to do so as set forth in Paragraph 12 hereinbefore.

Based on these stipulations by the parties, I find no basis in the record to support the trial court's conclusions that Cornell took any action to rescind the agreement or that Falcione did not make any effort to object to Cornell when he did not receive the anticipated salary increases. Thus, I agree with the majority's decision to enter judgment for Falcione.