J-A17001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY NGUYEN | |
| Appellant | No. 2517 EDA 2018 |

Appeal from the Judgment of Sentence May 25, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-0003926-2015

BEFORE: PANELLA, P.J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 12, 2019**

Anthony Nguyen appeals from the judgment of sentence imposed following his convictions of possession of marijuana with intent to distribute ("PWID"), intentional possession of marijuana, carrying a firearm without a license, and carrying a firearm in public. We affirm the judgment of sentence as to all convictions except the firearms convictions, which we reverse.

In its Opinion, the trial court set forth the relevant factual and procedural history, which we adopt for the purpose of this appeal. *See* Trial Court Opinion, 11/28/18, at 1–4.

On appeal, Williams raises the following issues for our review, which we renumber and clarify:

1. Whether the Trial Court erred by denying the pre-trial suppression motion?

2. Whether the evidence was sufficient to prove Nguyen's guilt beyond a reasonable doubt on the drug possession charges especially whether he constructively possessed the backpack also found in the vehicle?

3. Whether the evidence was sufficient to prove beyond a reasonable doubt that Nguyen constructively possessed the firearm found under the seat of the vehicle in which he was a passenger?

In his first issue, Williams contends that he was questioned without having been provided his **Miranda**[1] warnings, and that the questioning occurred while he was in a custodial setting. In his second, he argues that the evidence failed to prove that he constructively possessed the backpack which was located in the backseat of the vehicle.

In its Opinion, the trial court addressed these issues, set forth the relevant law, and determined that these two issues lacked merit. **See** Trial Court Opinion, 11/280/18, at 4–13. We agree with the reasoning of the trial court, and affirm on this basis as to Nguyen's first two issues. **See id**.

In his last issue, Nguyen contends that there was insufficient evidence to prove that he constructively possessed the firearm which was located

_____

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

beneath the passenger seat in the car. He proffers that the evidence failed to show that he was even aware that a firearm was in the car.

Although the trial court submitted a convincing argument that the evidence was sufficient to sustain the firearms charges, *id.* at 13-14, the Commonwealth has notified us that, on appeal, the Commonwealth "does not oppose vacating the judgments of sentence for the gun charges." Appellee's Brief, at 2, 15. In its brief, the Commonwealth explains:

> However, under the specific circumstances of this case, the Commonwealth does not oppose vacating defendant's judgments of sentence for the firearms convictions. Mere presence in a car with contraband alone is not sufficient to find that defendant constructively possessed it. ***Commonwealth v Armstead***, 305 a.2d 1, 2 (Pa. 1973). Instead, evidence must suggest that defendant knew of the contraband. *Id*. Here, there was no evidence that defendant knew of the gun underneath his seat. Unlike the drug possession charge, where the bag of marijuana was in plain view and the odor of marijuana was apparent to police (and presumably also to defendant), the gun was not in plain view. Moreover, unlike the drug possession offense, where police also recovered packets of marijuana and a large amount of cash from defendant's person, police did not recover any ballistics evidence from defendant's person. That police recovered a hidden gun from a car in which defendant was seated, where another individual was present and defendant did not own the car, does not necessarily demonstrate that defendant knew of the gun. Therefore, under the particular facts of this case, the Commonwealth does not oppose reversing defendant's judgments of sentence on the gun charges. Since defendant received the same, current sentence for both the PWID and firearms convictions, vacating the firearms conviction will not affect the sentencing scheme.

**Id**. at 15-16.

We consider the Commonwealth's position to be akin to a stipulation, albeit reached post-trial and upon appellate review. However, we strive to

- 3 -

honor stipulations which act as agreements between opposing parties to resolve factual issues in a case. **See** 1 West's Pa. Prac., Evidence § 127 (4th ed.). "Because the parties are in agreement as to [the] facts contained in the stipulation, they are controlling." ***Falcione v. Cornell School Dist.***, 557 A.2d 425, 428 (Pa. Super. 1989). Therefore, we will honor the parties' stipulation as to the possession of the firearms, without suggesting any negative comments on the discussion of the trial court.

Judgment of sentence as to possession of marijuana with intent to distribute and intentional possession of marijuana, affirmed. Convictions for carrying a firearm without a license and carrying a firearm in public are reversed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 8/12/2019*